UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES EUGENE HUTCHISON,  )
　　　　　　　　　　　　　　　　)
　　　　　　　　Petitioner,　　　) 　3:11-cv-00034-LRH-VPC
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　) 　ORDER
WARDEN JACK PALMER, et al.,　 )
　　　　　　　　　　　　　　　　)
　　　　　　　　Respondents.　　)
　　　　　　　　　　　　　　　　/

　　　　The petitioner has presented the Court with a motion for appointment of counsel (ECF No. 5) and his amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4).

　　　　There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex. Petitioner's motion shall be denied.

///

///

The face of the petition raises questions as to whether or not it must be dismissed as untimely. For example, petitioner indicates that his judgment of conviction was entered on June 15, 2004 and that he did not file a direct appeal. (Amended Petition, Items 2 and 3.) Additionally, the petition indicates that petitioner did not file a state post-conviction petition until December 7, 2010, some three and one-half years after his conviction became final.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The conviction under attack by the petitioner was filed on June 15, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1  There is nothing in the amended petition to indicate that petitioner had any properly filed
2  application for State post-conviction or other collateral review pending at which would have tolled the
3  one year limitations period. However, before the Court dismisses the petition as untimely, the parties
4  shall be given an opportunity to present arguments in support of their positions related to the timeliness
5  of the petition. *Herbst v. Cook*, 260 F.3d 1039, 1041-42 (9th Cir.2001)(indicating that once a petitioner
6  is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal
7  pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate
8  response).

9  Petitioner must explain why the petition is timely, either by showing that he had some state court
10 action pending during the time which stopped the clock or by demonstrating that there was some good
11 cause that prevented him from bringing his federal petition within the one-year period. He may be able
12 to make the showing by providing copies of the state court orders issued in either a direct appeal or post
13 conviction petition, if such orders exist.  If he is unable to make the necessary showing or if respondents
14 demonstrate that the petition was untimely and there was not good cause for the delay, the petition will
15 be dismissed with prejudice.

16 **IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (ECF No.
17 5) is **denied**.

18 **IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the
19 amended petition (ECF No. 6) upon the respondents.

20 **IT IS FURTHER ORDERED** that petitioner shall have thirty days to show cause why his
21 petition should not be dismissed as untimely.

22 **IT IS FURTHER ORDERED** that respondents **shall have forty-five (45)** days from entry of
23 this order within which to respond to petitioner's arguments as ordered herein.

24 **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General
25 of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration
26 by the Court.  Petitioner shall include with the original paper submitted for filing a certificate stating
27 the date that a true and correct copy of the document was mailed to the Attorney General.  The Court
28

1  may disregard any paper that does not include a certificate of service.  After respondents appear in this
2  action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the
3  case.

    Dated this 22nd day of February, 2011.

    _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE