UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES EUGENE HUTCHISON, | ) | |
| Petitioner, | ) | 3:11-cv-00034-LRH-VPC |
| vs. | ) | |
| | ) | ORDER |
| WARDEN JACK PALMER, et al., | ) | |
| Respondents. | ) | |

Before the Court is an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 6) and petitioner's response to the Order to Show Cause why the petition should not be dismissed as untimely (ECF. No. 10). Although respondents were directed to file their response within fifteen days of petitioner's response to the order to show cause, the Court finds that it is not necessary to await that brief. The petition shall be dismissed as untimely. Petitioner has failed to demonstrate any excuse for his untimely filing or reason to allow for equitable tolling of the statute of limitations imposed by 28 U.S.C. § 2244(d)(1).

Petitioner was asked to explain why the petition is timely, either by showing that he had some state court action pending during the time which stopped the clock or by demonstrating that there was some good cause that prevented him from bringing his federal petition within the one-year period. He may be able to make the showing by providing copies of the state court orders issued in either a direct appeal or post conviction petition, if such orders exist. As noted, petitioner has failed in this endeavor. Petitioner offers no explanation as to why the petition was delayed, merely repeating his claims and vaguely suggesting that his grounds were exhausted. That is not the question before the Court.

**Certificate of Appealability**

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the amended petition for writ of habeas corpus (ECF No. 6) is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.

The Clerk shall enter Judgement accordingly.

Dated this 6th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE